IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PHOENIX INSURANCE COMPANY, et al., | ) CASE NO. 1:16 CV 1658 |
| | ) |
| | ) JUDGE DONALD C. NUGENT |
| Plaintiffs, | ) |
| | ) |
| vs. | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER OF TRANSFER** |
| VITA-MIX CORPORATION, *et al.*, | ) |
| | ) |
| Defendants. | ) |

This case is before the Court on the Motion of Defendants, Vita-Mix Manufacturing Corporation, Vita-Mix Management Corporation, and Vita-Mix Holdings Company (collectively "Vita-Mix") to Dismiss or, in the Alternative, to Transfer Venue to the Southern District of Ohio.(ECF #18). The remaining Defendants in this action, Vicki Linneman, Obadiah Ritchey and KMW Coffee, LLC, join in the Motion. (ECF #25) For the reasons set forth below, the Defendants have met their burden of showing that the considered factors weigh strongly in favor of transfer. The Defendants' Motion to Transfer Venue is, therefore, granted and the Motion to Dismiss is mooted.

### BACKGROUND

On November 19, 2015, a Class Action Complaint was filed against Vita-Mix in the Southern District of Ohio alleging that Vita-Mix designed, produced, marketed and sold defective blenders which purportedly flake off "tiny shards of polytetrafluoroethylene (PTFE), a Teflon-like substance. *Linneman v. Vita-Mix Corporation*, et al., Case No. 1:15 CV 748. Upon being served with the Complaint in *Linneman*, Vita-Mix tendered its

defense to its insurers, Phoenix Insurance Company and Travelers Property Casualty Company of America. ("Insurers") The Insurers retained counsel to defend the Insureds subject to a reservation of rights letter. Six months later, the Insurers filed this action against Vita-Mix and the three named plaintiffs in *Linneman*, seeking a declaratory judgment that the Insurers do not owe Vita-Mix a defense of the Class Action Complaint in *Linneman* or any potential indemnity. Vita-Mix and the *Linneman* plaintiffs argue that this Court should not exercise its discretionary subject matter jurisdiction over this declaratory judgment action and instead should dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1). Alternatively, Defendants request that this action be transferred to the Southern District of Ohio where the *Linneman* action is pending.

## DISCUSSION

Having considered all of the pleadings submitted by the parties, the Court will first consider Defendants' request to transfer this action to the Southern District of Ohio. Chapter 28 of the United States Code, Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." This provision was intended "to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Continental Grain Co. V. Barge F.B.L.-585,* 364 U.S. 19, 27 (1960). Under this provision, a district court has broad discretion to grant or deny a motion to transfer, so long as jurisdiction is proper in either court. *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994)(citing *Cote v. Wadel*, 796, F.2d 981, 985 (7th Cir. 1986). *See Hoffman v. Blaski*, 363 U.S. 335, 343-344 (1960) ( An action can originally be brought in a

2

district court if that court has subject matter jurisdiction; the defendants are subject to personal jurisdiction in that court; and venue is proper.)

The Sixth Circuit has outlined several factors that a district court should consider when deciding whether or not a transfer under 28 U.S.C. § 1404(a) is warranted, including the private interests of the parties and other public-interest concerns. *Moses v. Business Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991). These public and private interests include the plaintiff's choice of forum, location of necessary documents, convenience of witnesses, possibility of prejudice in either forum, and the practical problems associated with trying the case as expeditiously and as inexpensively as possible. *See, USA v. Cinemark USA, Inc.*, 66 F. Supp.2d 881, 887 (N.D. Ohio 1999)(citing *West American Ins. Co. v. Potts*, 1990 U.S. App. LEXIS 12513, 1990 WL 104034, at *2(6th Cir. July 25, 1990)). In order to warrant transfer, the balance of all relevant factors must weigh strongly in favor of transfer, and the burden is upon the party requesting the transfer to prove that this is so. *Jeffrey Mining Prods. v. Left Fork Mining Co.*, 992 F. Supp. 937, 938 (N.D. Ohio 1997); *Picker Int'l, Inc. V. Travelers Indem. Co.*, 35 F. Supp. 2d 570, 573 (N.D. Ohio 1998).

In this case, Defendants seek transfer to the Southern District of Ohio where the underlying class action has been pending. This action could have been brought in either the Southern District or the Northern District of Ohio. Both courts have subject matter jurisdiction over this matter based upon diversity jurisdiction. Moreover, the parties agree that venue is proper in both courts. The Plaintiff Insurers are both Connecticut corporations with their principal places of business in Hartford Connecticut. The Northern District of

Ohio is not their home forum, thus diminishing the weight typically accorded the plaintiff's choice of forum. *See Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 718 (7th Cir. 2002). Defendant Vita-Mix is based in the Northern District of Ohio, while Defendants Vicki Linneman and KMW Coffee reside or have their principal place of business in Cincinnati, Ohio in the Southern District of Ohio. Defendant Obadiah Ritchey is a citizen and resident of the State of Nevada. All of these parties are currently involved in the same class action lawsuit in the Southern District. While the actions are different, litigating the matters in two different federal judicial districts is more expensive and less convenient for all of the parties. In these circumstances the Court finds that Defendants have met their burden of showing that the relevant factors weigh strongly in favor of transfer. Accordingly, Defendants' Motion to Transfer this action to the Southern District of Ohio (ECF #18) is granted. The Clerk of Courts shall transfer this action to the United States District Court for the Southern District of Ohio.

    IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
United States District Judge

DATED: January 11, 2017