UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PHOENIX INSURANCE COMPANY, et al.,           Case No. 1:17-cv-40

        Plaintiffs,                                        Dlott, J.

v.                                                           Bowman, M.J.

VITA-MIX CORPORATION, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

The above-captioned case was filed by Plaintiffs on June 28, 2016 in the Northern District of Ohio, but was transferred to this Court on January 13, 2017. (Docs. 32, 33). On February 23, 2017, the presiding district judge referred the case to the undersigned to rule on all pretrial and post-judgment motions, including by report and recommendation on any matters classified as dispositive. (Doc. 37).

On April 9, 2017, Defendants filed a motion stay all proceedings in this case pending resolution of a related class action in this Court, *Linneman v. Vita-Mix Corporation*, Case No. 1:15-cv-748 (hereinafter the *Linneman* case). (Doc. 44). The motion was set for expedited briefing, which was completed on April 21, 2017. Oral argument was heard on April 25, 2017.

Plaintiffs' complaint seeks a declaratory judgment that certain insurance policies that Plaintiffs issued to Defendants do not cover the damages or other relief sought in the *Linneman* class action case. In their Answer and Counterclaim, Defendants seek a declaratory judgment reaching the opposite conclusion and assert an additional Counterclaim against the Plaintiff insurers for breaching a duty to act in good faith in the

1

processing of Vita-Mix's claim for defense and indemnity coverage for the *Linneman* case. (Doc. 41).

Two days after Defendants filed their motion to stay, Plaintiffs filed a motion seeking judgment on the pleadings on their complaint, dismissal of the Counterclaim, and a hearing to recoup defense costs that Plaintiffs allege that they have wrongfully been forced to incur in connection with the class action. (Doc. 45). Defendants countered by filing a motion to extend the time by which Defendants are required to respond to the pending dispositive motion.[1] Although Plaintiffs acknowledge that the need for a timely response to their dispositive motion "is removed should the Court determine to stay these proceedings over Travelers' opposition," Plaintiffs nevertheless oppose the requested extension. (Doc. 49).

Having reviewed the parties' memoranda and heard oral argument, the Court will grant Defendants' motion for a stay and related motion to extend time to respond to the pending Motion for Judgment on the Pleadings. Although there is no precise test for when a stay is appropriate, the Court concludes that Defendants have carried their burden to support the relatively rare grant of a stay of this litigation. *See generally Webber v. J-W Wireline Co.*, Case No 2:15-cv-02084, 2015 U.S. Dist. LEXIS 142504 (S.D. Ohio, Oct. 20, 2005).

All parties agree that the *Linneman* case is highly likely to be resolved very soon. The parties disagree about the impact of that resolution, to the extent that Plaintiffs insist the *Linneman* case involves only claims for economic loss, which are not covered

---

[1]Although the Defendants have not yet filed a formal response to the Plaintiffs' motion for judgment on the pleadings, in other related memoranda the Defendants indicate they will strenuously object to Plaintiffs' request for recoupment of defense costs. As a preliminary response, Defendants assert that such recoupment is not within the scope of the original complaint in this case, is not supported by the polices, and is not procedurally appropriate in the context of the pending motion.

by the policies at issue in this case, whereas Defendants insist with equal vigor that the *Linneman* claims fall within the referenced policies. Without prejudicing the merits of Plaintiffs' Motion for Judgment on the pleadings, the Court is persuaded by Defendants' arguments that the resolution of the *Linneman* case will likely impact this case, both by better defining the scope of the underlying claims presented in that case, and by bringing an end to the costs of defense. The public's interests, the interests of this Court in judicial economy, and the potential hardship to the parties opposing the stay also strongly favor entry of a short stay. Plaintiffs did not file this case until June of 2016, six months after they had begun to defend Vita-Mix in the *Linneman* case. Plaintiffs then waited nearly 9 months prior to filing the pending Motion for Judgment on the Pleadings. Notwithstanding Plaintiffs' opposition to any stay, their memorandum does not detail any specific hardship or prejudice that would result to the insurers from the short stay that is anticipated, nor was any hardship or prejudice articulated at oral argument.

The Court's decision to grant the motion to stay is predicated in part upon the representation of all counsel that the stay is likely to be brief, no more than a few months, at most, and possibly shorter. Therefore, the Court will require the parties to present periodic updates concerning the status of the *Linneman* case. Should the anticipated resolution of that case be delayed, the Court will entertain a motion by Plaintiffs to lift the stay granted in this Order.

Accordingly, **IT IS ORDERED:**

1. Defendants' motion to stay all discovery and case management deadlines until such time as the underlying class action lawsuit in Case No. 1:15-cv-748

is settled (Doc. 44) is GRANTED;

2. Defendants shall demonstrate the continued necessity of a stay by filing a status report in this case, beginning on May 26, 2017 and continuing every thirty days thereafter, concerning the ongoing status of the *Linneman* settlement;

3. Defendants' motion to extend time in which to file a brief in opposition to Plaintiffs' pending Motion for Judgment on the Pleadings (Doc. 47) is GRANTED, with the response now due 21 days after the stay is lifted.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge